UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
   Murchison-Allman et al.,                    :
                                **Plaintiffs**,    :
                                           :
           -against-                        :    1:14-cv-2160 (ALC)
                                    :
   City of New York et al.,                     :    **OPINION & ORDER**
                                          :
                             **Defendants.**    :
-------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

## I. INTRODUCTION

On a judicially authorized search warrant, New York City Police Department ("NYPD") officers forcefully entered the home of Joy Murchison-Allman and her husband in an early morning raid. The Allmans allege that officers held them at gunpoint, in their underwear, for 10 minutes, before handcuffing them and transporting them to a nearby police precinct on charges they disputed. After the charges were dropped months later, the Allmans filed this suit against the City of New York ("the City") and the arresting officers, alleging violations of their federal constitutional rights, negligent training and supervision of NYPD officers as a de facto municipal policy, and various state-law torts. The City denied the Murchison's allegations and now moves for a motion for judgment on the pleadings and partial dismissal of the complaint as to claims of false arrest, malicious prosecution, municipal liability, and state tort. For the reasons stated below, the City's motion is granted.

## II. BACKGROUND

On August 9, 2012 NYPD officers procured a search warrant from a judge of the

Supreme Court of the City of New York in Bronx County.[1] Declaration of Gary Moy in Support of Motion, Ex. B. The warrant authorized the no-knock entry and search of a Bronx apartment from the hours of 6 a.m. to 9 p.m. for the purpose of seizing heroin, evidence tending to demonstrate that the premises were utilized for the sale of heroin, and evidence tending to establish ownership of the premises. Id.

On August 15, 2012, at approximately 6:30 a.m., plaintiff Terrance Allman heard a drilling sound and loud banging emanating from outside his front door. Complaint ¶¶ 16-17. Wearing only his underwear, he approached the door to investigate. Id. ¶ 18. Several police officers swung it open and entered the apartment with guns drawn. Id. Simultaneously, plaintiff Joy Murchison-Allman exited the couple's bedroom in a t-shirt and her underwear. Id. ¶ 19. The officers ordered the Allmans to the ground and held them at gunpoint for 10 minutes. Id. ¶¶ 22-23. Another officer eventually yelled "clear" and the Allmans were led to the living room and handcuffed. Id. ¶¶ 23-24.

The Allmans asked under what legal authority the officers had entered their home and detained them, to which one officer replied that the police were not obligated to show a search

---

[1] On a motion for judgment on the pleadings, "'the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document 'integral' to the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (internal quotations and citations omitted).

The Allmans' complaint alleges that officers "failed to produce a search warrant to justify the raid," Complaint ¶ 3, leaving it ambiguous as to whether they allege that no warrant existed. Their memorandum of law in opposition to the City's motion, however, clarifies that they allege the existence of a no-knock warrant that was executed without probable cause. Memorandum in Opposition at 1. Their memorandum proceeds to quote the contents of the warrant itself. Id. at 5. Because the Allmans themselves construe their complaint to allege the existence of a no-knock warrant, and because the terms and effect of that warrant were relied heavily upon to frame their claims of unconstitutional actions by the police, the Court considers it here as integral to the complaint.

warrant because "this [was] not the movies." Id. ¶¶ 25-26. Another officer accused the Allmans of possessing "crack, cocaine, and dope" and stated that "we are going to find it." Id. ¶ 27. While the officers searched the apartment, they temporarily released Allman from handcuffs and allowed him to dress. Id. ¶ 30. But when Murchison-Allman, who was menstruating at the time, asked permission to dress and use the bathroom, officers refused. Id. ¶ 30. By the end of their search, officers had discovered a box of old ammunition that belonged to Murchison-Allman's ex-boyfriend and a small amount of marijuana. Id. ¶ 4.

The officers led the handcuffed Allmans to a van downstairs containing three other handcuffed individuals. Id. ¶ 31. The group then drove to another apartment building on Longfellow Avenue in the Bronx. Id. ¶ 33. The officers entered the building, leaving the handcuffed Allmans in the van for approximately 30 minutes. Id. ¶ 34. The officers emerged from the apartment building leading additional individuals in handcuffs and placed them in a separate van. Id. ¶ 35. The group traveled to a police precinct, where the Allmans were kept in custody for approximately 31 hours. Id. ¶¶ 35-36. The Allmans were charged with unlawful possession of ammunition and marijuana; both charges were eventually dismissed. Id. ¶ 37.

Upon returning to their apartment, the Allmans found the front door damaged, the locks changed, and the house in disarray: their clothing was strewn on the floor and their coats had been shoved inside a urine-filled toilet along with a cigarette butt. Id. ¶ 38-39. The shades, dresser, and mattress in their daughter's room had been damaged or deconstructed and a collection of baseball cards lay scattered behind the couch, several cards missing. Id. ¶ 40. The Allmans later learned that the apartment directly below theirs had also been raided on the same morning. Id. ¶ 41.

### III. DISCUSSION

### A. Legal standard for a motion for judgment on the pleadings

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). On a motion to dismiss, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in the plaintiff's favor. Harris v. Mills, 572 F.3d 66, 71 (2d Cir.2009). But to satisfy Rule 12(b)(6), a plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir.2010). Ultimately, on a motion to dismiss "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (internal quotations and citation omitted).

### B. Analysis

The Allmans bring suit under 42 U.S.C. § 1983, which allows a plaintiff to sue a government official for the alleged deprivation of constitutional rights. They claim violations of their rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution by the individual officers who arrested them. They also sue the City of New York under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 664 (1978), for failure to adequately train and supervise officers to make legally sound probable cause determinations.

Finally, they bring state law claims of tort against the officers and of negligent hiring, training, and supervision against the City.

The City moves for judgment on the Allmans' claims of false arrest and malicious prosecution under the Fourth Amendment, municipal liability under Monell, and all state law tort claims. The Court addresses each of the City's arguments in turn.

### 1. The Allmans fail to state a claim for false arrest under the Fourth Amendment.

"Under the Fourth Amendment, made applicable to the States by the Fourteenth Amendment, the people are 'to be secure in their persons . . . against unreasonable searches and seizures . . . .'" Maryland v. Pringle, 540 U.S. 366, 369 (2003) (quoting U.S. Const. amend. IV.). "A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, . . . is substantially the same as a claim for false arrest under New York law." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (internal citation removed).

To state a claim of false arrest, a plaintiff must allege that "(1) the defendant intended to confine him [or her], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Sinagra v. City of New York, 127 A.D.3d 729, 730, 7 N.Y.S.3d 286, 288 (2d. Dep't 2015) (citing Broughton, 37 N.Y.2d at 456). "An officer's authority to detain incident to a search is categorical," meaning "that officers executing a search warrant for contraband have the authority 'to detain the occupants of the premises while a proper search is conducted.'" Muehler v. Mena, 544 U.S. 93, 98 (2005) (quoting Michigan v. Summers, 452 U.S. 692, 705 (1981)).

Outside the search warrant context, because a confinement is also privileged when an arrest is supported by probable cause, "[t]he existence of probable cause to arrest constitutes

justification and is a complete defense to an action for false arrest . . . ." Weyant, 101 F.3d at 852 (internal quotations omitted). Further, "[a] Fourth Amendment claim turns on whether probable cause existed to arrest for any crime, not whether probable cause existed with respect to each individual charge." Marcavage v. City of New York, 689 F.3d 98, 109 (2d Cir. 2012). "Probable cause exists where the facts and circumstances within . . . the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." Id. Thus, if on the facts alleged, the arresting officers had knowledge and reasonably trustworthy information that the Allmans had committed a criminal offense, a false arrest claim fails as a matter of law.

Under Summers, the Allmans' detention during the officers' search of their apartment was privileged as incident to the NYPD's search warrant for drugs in the apartment. Though the Allmans allege that the search warrant was obtained without probable cause, the Court declines to accept that legal conclusion as true because the Allmans' complaint alleges no facts to buttress it. As a result, the Allmans fail to state a false arrest claim based on their detention during the officers' search of their apartment.

As for their continued detention beyond the search, probable cause to arrest the Allmans existed when the officers found a box of old ammunition in their apartment.[2] New York City Administrative Code section 10-131(i)(3) makes it unlawful "for any person not authorized to possess a pistol revolver . . . to possess pistol or revolver ammunition." Though the Allmans argue that their sparse pleadings do not establish their constructive possession of the

---

[2] The Allmans' complaint plainly states that officers found marijuana in their apartment, Complaint ¶ 4, but they have since denied possession of such, and the City argues only that probable cause existed to arrest for possession of ammunition.

ammunition, their actual guilt or innocence is not the issue before this Court. Rather, the issue on this motion to dismiss is whether the officers possessed reasonably trustworthy facts to warrant a person of reasonable caution to believe that the Allmans had committed an offense. The discovery of ammunition in their apartment by the officers constitutes just such information and thus provided probable cause for the Allmans' arrest.

It is the Allmans' burden to show their entitlement to relief. Fed. R. Civ. P. 8(a)(2). At a minimum, that burden must be sustained by "a short and plain statement" supported by factual allegations. Id. In the false arrest context, that means alleging some plausible factual content as to why the arresting officers' belief that they had committed a crime was not reasonable. The Allmans offer no such content, and their burden is not sustained, as they insist, by their silence as to whether they were legally authorized to possess ammunition.

Because the Allmans' confinement was privileged by a search warrant for their apartment and probable cause that they committed a crime, they fail to state a claim for false arrest.

### 2. The Allmans fail to state a claim for malicious prosecution under the Fourth Amendment.

A § 1983 claim of malicious prosecution in violation of the Fourth Amendment must "establish the elements of a malicious prosecution claim under state law." Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002). In New York, to plead malicious prosecution, a plaintiff must allege: "(1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003). "In order to allege a cause of action for malicious prosecution *under § 1983*, [a plaintiff] must assert, in addition to the elements of malicious prosecution under state law, that there was (5) a sufficient post-arraignment liberty restraint [ie. a seizure] to

implicate the plaintiff's Fourth Amendment rights." Rohman v. New York City Transit Auth. (NYCTA), 215 F.3d 208, 215 (2d Cir. 2000) (emphasis in original).

"The probable cause standard in the malicious prosecution context is slightly higher than the standard for false arrest cases." Stansbury v. Wertman, 721 F.3d 84, 95 (2d Cir. 2013). "Probable cause, in the context of malicious prosecution, has also been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." Id. Nonetheless, "[i]n order for probable cause [upon arrest] to dissipate," and thus justify a claim of malicious prosecution, "the groundless nature of the charge must be made apparent by the discovery of some intervening fact." Kinzer v. Jackson, 316 F.3d 139, 144 (2d Cir. 2003).

The Allmans plead no facts that plausibly suggest that the probable cause present at their arrests had dissipated by the time charges were filed against them. And on the barest of facts alleged in their complaint—ammunition was found in their apartment, without any exonerating justification such as authorization to possess a weapon—the more rigorous probable cause standard for malicious prosecution is satisfied. The Allman's claim for malicious prosecution under the Fourth Amendment thus must be dismissed.

### 3. The Allmans fail to state a claim for municipal liability.

Under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978), a municipality may be held liable under § 1983 when a "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Wray v. City of N.Y., 490 F.3d 189, 195 (2d Cir. 2007) (quoting Batista v. Rodriguez, 702 F.2d 393,

397 (2d Cir. 1983)) (internal quotations marks omitted). Normally, "a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [municipality]." Newton v. City of New York, 566 F. Supp. 2d 256, 270 (S.D.N.Y. 2008). A plaintiff may satisfy the "policy or custom" requirement by alleging one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

Brandon v. City of New York, 705 F.Supp. 2d 261, 276-77 (S.D.N.Y. 2010).

The Allmans marshal three allegations in support of their Monell claim that the City failed to train and supervise NYPD officers to make legally sound probable cause determinations, leading to unconstitutional arrests and prosecutions. First, they assert that the no-knock search warrant authorizing entry into their apartment was mere boilerplate, thus reflecting the lack of probable cause to search their apartment. Second, they allege that on the same date and at roughly the same time at which their apartment was searched, NYPD officers conducted another no-knock search in the apartment directly below. Finally, they point to the officers' arrest of individuals in the apartment building on Longfellow Avenue shortly after the Allmans' own arrests.

"To survive a motion to dismiss, Plaintiff cannot, through conclusory allegations, merely assert the existence of a municipal policy or custom, but must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." Woodhouse v. City of Mount Vernon, 2016 WL 354896, at *7 (S.D.N.Y. Jan. 27, 2016) (quoting Tieman v. City of Newburgh, 2015 WL 1379652, at *13 (S.D.N.Y. Mar. 26, 2015)). The Allmans have

failed to allege those supporting facts here. They plead no facts indicating that the contemporaneous search of the apartment below theirs was not supported by probable cause. Nor do they plead any facts indicating that an apartment in the building on Longfellow Avenue was searched at all, let alone searched without probable cause, averring only that the police emerged from the building with handcuffed individuals.

What remains is the allegation that the warrant authorizing search of the Allmans' apartment was not supported by probable cause. The Allmans claim such a conclusion is justified because the warrant did not mention them by name and instead described only the address to be searched and the contents to be seized. Those facts alone, however, fail to lead to a plausible inference that the warrant was issued without probable cause, absent additional allegations that an officer procured the warrant by misleading the issuing magistrate. To state a section 1983 claim based on an illegally obtained warrant, "the plaintiff must [allege] that the affiant knowingly and deliberately, or with a reckless disregard of the truth, made false statements or material omissions in his application for a warrant, and that such statements or omissions were necessary to the finding of probable cause." Velardi v. Walsh, 40 F.3d 569, 573 (2d Cir. 1994) (ruling on summary judgment against section 1983 plaintiffs' challenge to the legality of a search warrant). "Unsupported conclusory allegations of falsehood or material omission cannot support" such a claim. Id. The Allmans rely solely on the face of the warrant for their claim, attacking it as boilerplate. Even if such a characterization were correct, it says nothing about the affiant on whose testimony the warrant was issued. It therefore cannot support the Allman's claim here.

Because the Allmans fail to provide factual support for their conclusory allegations of an unconstitutional municipal policy, their Monell claim must be dismissed.

### 4. All state law tort claims are dismissed for failure to comply with statutory presuit requirements.

Section 50-e of the New York General Municipal Law requires a plaintiff alleging injury based in tort against a public corporation and its employees to file a notice of claim within 90 days after the claim arises. "New York's notice-of-claim requirement is a 'condition precedent' to suing for damages in a personal injury action against a municipality." Hardy v. New York City Health & Hosp. Corp., 164 F.3d 789, 794 (2d Cir. 1999). "Failure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action." Id.; Cornado v. City of New York, 2014 WL 4746137, at *5 (S.D.N.Y. Sept. 24, 2014), appeal dismissed (Mar. 16, 2015) (dismissing state law claims for failure to file notice of claim).

The Allmans concede that they did not file a notice of claim for their state law claims before filing this suit. All of their state law claims therefore must be dismissed.

## IV. CONCLUSION

For the reasons described above, the City's motion for judgment on the pleadings and to dismiss as to claims of false arrest, malicious prosecution, Monell liability, and state law claims is **GRANTED**. Before Magistrate Judge Maas, the Allmans have sought discovery as to the search warrant authorizing entry into their home and brought a motion to amend their complaint. The motion to amend was denied without prejudice pending this Court's resolution of the motion for partial dismissal. The parties are now ordered to inform this Court how they wish to proceed by submitting a joint status report on or before April 8, 2016.

**SO ORDERED.**

Dated: March 31, 2016
New York, New York

ANDREW L. CARTER, JR.
United States District Judge